## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**REINHARD MUELLER and**
**SUZAN MUELLER,**

      **Plaintiffs,**

**vs.**                                      **13-CV-379 JAP/KBM**

**BANK OF AMERICA, N.A.**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

Defendant Bank of America, N.A. (Defendant) asks the Court to dismiss the COMPLAINT (Doc. No. 2) (Complaint) filed on April 23, 2013 by *pro se* Plaintiffs Reinhard Mueller and Suzan Mueller (Plaintiffs). In DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(1) and (6) (Doc. No. 7) (Motion), Defendant contends that the Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.  Defendant asserts that the Complaint fails to allege facts supporting this Court's jurisdiction.  Defendant further asserts that the Complaint is "utterly void of factual allegations" on which a claim may rest, and the Complaint "does not affirmatively plead any recognized causes of action." (Mot. at 1.)  Because the Complaint contains no basis on which this Court can exercise subject matter jurisdiction and because the Complaint fails to state a claim on which relief may be granted, the Court  will grant the Motion and will dismiss the Complaint without prejudice.

I.  Legal Standards

Because Plaintiffs are *pro se*, the Court will construe their Complaint liberally.  *Hall v. Witteman*, 584 F.3d 859, 864 ([10th] Cir. 2009) (citing *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007)).  However, *pro se* litigants must "follow the same rules of procedure that govern other litigants," and in particular the factual pleading requirements of Rule 12(b)(6). *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). "This is so," the Tenth Circuit has explained, "because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a "liberal construction" cannot salvage a claim based largely on conclusory assertions or patently inadequate allegations. *See id.*, and *Giron v. Abascal*, 2007 WL 2002564, **3-4 (D. N.M. 2007) (Hansen, J.) (unreported decision).

Under the Federal Rules of Civil Procedure, every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every case in the federal courts. *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1135 n.4 (10th Cir. 2010).  "The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a motion to dismiss

under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party. *Commonwealth Property Advocates, LLC v. First Horizon Home Loan Corp.*, No. 10–CV–375, 2010 WL 4788209, *1 (D. Utah Nov. 16, 2010) (unreported decision) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir.2002)). Plaintiffs' Complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 547). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). While the federal rules do not require detailed factual allegations, the rules nonetheless require "more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

## II.  Discussion

### A.  No Jurisdictional Facts Alleged

In the Complaint, Plaintiffs mention jurisdiction only by referring to themselves as under "Common Law Jurisdiction. . .," and Plaintiffs expressly state that "[a]dmiralty jurisdiction with its over six million statutes and counting do not apply to the living, breathing soul." (*Id.*) Plaintiffs do not identify in the Complaint the basis under which they seek to invoke federal jurisdiction.  Thus, Plaintiffs have failed to meet their burden to allege a basis for this Court's jurisdiction, and the Court will dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  However, even if the Court had jurisdiction over the Complaint, the Court would dismiss it for failure to state a plausible claim for relief.

B.  Failure To State A Claim

Under Rule 8, a complaint must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In the Complaint, Plaintiffs identify themselves as "paying victims of Mortgage #: 178031161." (Compl. at 1.) Plaintiffs identify Defendant as the "server of the Mortgage #: 178031161 (alleged)." (*Id.*)[1]  In Count I of their Complaint, Plaintiff allege that "the Defendant . . . willfully, maliciously and intentionally inflicted financial and emotional distress upon the Plaintiffs without just cause with the intent of harming the Plaintiffs . . . ."  (Compl. at 2.)  In Count II, Plaintiff assert "that the Defendant . . . intentionally, maliciously and without just cause engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiffs and there [sic] living a happy existence." (*Id.*)  In Count III, Plaintiffs demand "a judgement of and from the Defendant in the sum of Ninty [sic] Two Thousand Three Hundred Thirty Two Dollars and 76 Cents ($92,332.76) in actual damages and Three Million Dollars (3,000,000) as punitive damages."  (Compl. at 3.)  Plaintiffs further describe that they seek, "all mortgage monthly payments[;]" "[e]qual compensation for all Promissory Notes[;]" and "[r]eturn all monies with interest . . . ."  (Compl. at I-2.)

Despite these assertions, Plaintiffs fail to plead any recognizable cause of action or basis on which the Court may grant relief.  Although Plaintiffs have used the word "fraud" twice in the Complaint, Plaintiffs have failed to plead a cognizable claim for fraud.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The Tenth Circuit Court of Appeals has stated that under Rule 9(b), a

---

[1] Plaintiffs also mention an entity named the Reinhard Walter Mueller Trust Corporation without identifying its origin or purpose. (*Id.*)

4

complainant must plead the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation omitted). The allegations in the Complaint do not meet the particularity requirements of Rule 9(b).

In sum, Plaintiffs' Complaint will be dismissed for lack of jurisdiction under Rule 12(b)(1) and for failure to set forth factual allegations on which to state a plausible claim for relief under Rule 12(b)(6).

IT IS ORDERED that DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(1) and (6) (Doc. No. 7) is granted, and this case will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE